IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 04-524-GPM ) |
| THOMAS E. MILLER, LYNN MILLER, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a Canadian National/Illinois Central Railroad Company, NATIONAL RAILROAD PASSENGER CORPORATION, STS ACQUISITION COMPANY, d/b/a STS Consultants LTD, CENTRAL STATES ENVIRONMENTAL SERVICES, INC., THOMAS E. RATHERT, JOHN M. SOELL, CARL G. DAY, S & M BASEMENTS, and GARY SMITH, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff filed this declaratory judgment action to determine part of its insurance coverage obligations related to an accident involving Thomas Miller at a construction site. Those injuries are the subject of another lawsuit, referred to herein as the "underlying" claim or lawsuit. This matter came before the Court on August 22, 2005, for a hearing on Plaintiff's motion for summary judgment and again on September 19, 2005, for a final pretrial conference, at which the Court asked the parties additional questions before issuing its ruling. For the following reasons, the motion is granted in part, and Plaintiff is awarded the relief it seeks in its complaint for declaratory judgment.

#### FACTUAL BACKGROUND

These facts are undisputed. Thomas Miller and Gary Smith are the only partners of S & M Basements, an Illinois general partnership. Miller was injured on August 30, 2001, when a train struck the vehicle that he was operating as an employee of S & M Basements (*see* copy of underlying complaint at Doc. 104, Ex. A, ¶¶ 14-15 "Plaintiff Thomas E. Miller was operating his company vehicle … [when] a collision occurred …"). One of the defendants to the underlying suit, Central States Environmental Services, Inc. (CSES), filed a third-party claim for contribution/ indemnification against Smith and S & M Basements, alleging that their negligence caused or contributed to any injuries that Miller, and his wife via a consortium claim, sustained.

In the third amended complaint for declaratory judgment, Plaintiff seeks in Count I a declaration that it has no obligation to defend or indemnify Smith or S & M Basements under a Workers' Compensation and Employer's Liability Insurance Policy (Employer's Liability Policy). In Count II, Plaintiff seeks a declaration that it has no obligation to defend or indemnify STS Acquisition Company (STS), CSES, or Illinois Central Railroad Company (ICRC) under a Commercial General Liability (CGL) Policy issued to Smith, Miller, and S & M Basements. Plaintiff has withdrawn its request for reimbursement of defense costs already paid on behalf of Smith and S & M Basements (Doc. 114).

#### ANALYSIS

The standard applied to summary judgment motions filed under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material

> fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

### Coverage for Smith and S & M Basements

The Employer's Liability Policy contains a Partners, Officers and Others Exclusion Endorsement (Doc. 96, Ex. 2) that precludes coverage for Miller's bodily injuries. However, as discussed during the hearings, the Court must consider whether this exclusion precludes coverage when the company and the company's owner are sued as third-parties in contribution. Smith and S & M Basements argue that the policy provides coverage for such a claim. Plaintiff, however, argues that a third-party claim retains the characteristics of the underlying claim. *See Unigard Ins. Co. v. Whitso, Inc.*, 553 N.E.2d 59, 61 (Ill. App. Ct. 1990) (describing *Midland Ins. Co. v. Bell Fuels, Inc.*, 513 N.E.2d 1 (Ill. App. Ct. 1987), as holding that third-party actions are retentive of the characteristics of the underlying claim and contribution and indemnity claims should be treated similarly). Therefore, because the underlying case is one for bodily injury, Plaintiff argues that the Endorsement similarly precludes coverage for the third-party claim.

As an initial matter, as discussed during the August 22nd hearing, it is clear from the plain language of the Endorsement that it precludes coverage for Miller's bodily injuries. Specifically, the Court rejects the ambiguity and mistake arguments contained in the responses to the motion for

summary judgment. Moreover, the Court finds no genuine factual dispute that the Exclusion was in effect at the time of the accident. Therefore, the Court is left to decide whether Plaintiff has a duty to defend and provide coverage to Smith and S & M Basements under the Employer's Liability Policy for the third-party contribution/indemnity claim filed by CSES, or whether the Endorsement applies to the third-party claim as well.

While *Aetna Casualty & Surety Company v. Beautiful Signs, Inc.*, 496 N.E.2d 1229 (Ill. App. Ct. 1986), involved a general liability policy rather than an employer's liability policy, as is involved in this case, the Court finds no reason that its analysis and holding would not apply here. In that case, Dale Brazier, an employee of Beautiful Signs, Inc., was killed in an accident while working on the property of George Kontos. Brazier's administrator sued Kontos, who then brought a third-party action against Beautiful Signs. Beautiful Signs' insurer claimed that an exclusion in coverage for bodily injury to any employee of the insured arising out of and in the course of his employment by the insured would apply to the third-party claim. That court agreed.

> It is clear that the action against Beautiful Signs is due to its alleged negligence in the accident that resulted in Brazier's death. Much is made of the fact that the suit is a third party action, brought by Kontos. However, it is Brazier's injuries for which Beautiful Signs would become liable. The courts of this State do not elevate form over substance. If a jury were to make an award to Kontos on the third party action, it would be for Brazier's injuries, not for some duty that existed between Kontos and Beautiful Signs. It is for this type of situation that the exclusion was drafted.

496 N.E.2d at 1230. Applying that holding and analysis to the current case, the third-party action against Smith and S & M Basements is for negligence in causing or contributing to cause Miller's injuries, and it is for Miller's injuries that they would be liable. If a jury were to make an award to CSES on the third-party claim, it would be for Miller's injuries. Therefore, the Endorsement applies to the third-party claim, and Plaintiff has no obligation to defend or indemnify Smith or S & M

Basements under the Employer's Liability Policy with respect to the third-party claim filed by CSES in the underlying action.

In the motion for summary judgment, Plaintiff additionally requests a finding that it has no duty to defend or indemnify Smith or S & M Basements under the CGL Policy (*see* Motion at Doc. 96, pp. 16-17). However, Plaintiff does not seek such a declaration in the third amended complaint (*see* Doc. 77). Moreover, as explained during the September 19, 2005 hearing, such a finding would be premature, as the question of who employed Miller at the time of the accident is a contested issue in the underlying action (*see* CSES's Second Affirmative Defense contained in its Amended Answer filed in underlying action, 03-657-GPM, Doc. 20, p. 36).

### Coverage for STS, CSES, and ICRC

As set forth on the record during both hearings, it is clear that STS, CSES, and ICRC were not added as additional insureds to the CGL Policy at the time of the accident. Therefore, Plaintiff has no duty to defend or indemnify STS, CSES, or ICRC under the CGL Policy with respect to the underlying lawsuit.

### CONCLUSION

For the foregoing reasons and for those expressed on the record during the August 22 and September 19, 2005 hearings, Plaintiff's motion for summary judgment (Doc. 96) is **GRANTED in part**. Plaintiff has no obligation to defend or indemnify Smith or S & M Basements under the Employer's Liability Policy with respect to the underlying third-party claim. Because Plaintiff does not seek a declaration in the complaint regarding its duties as to Smith and S & M Basements under the CGL Policy, and, moreover, because any such finding would be premature, the Court declines to consider the issue. Plaintiff has no obligation to defend or indemnify STS, CSES, or ICRC under

the CGL Policy with respect to the underlying lawsuit. Plaintiff's request for reimbursement of defense costs already paid on behalf of Smith and S & M Basements is **WITHDRAWN** (Doc. 114). The Clerk of Court is **directed** to enter judgment in accordance with the foregoing, and this action is **DISMISSED with prejudice**.

    **IT IS SO ORDERED.**

    DATED:  09/21/05

                                            s/ G. Patrick Murphy
                                            G. PATRICK MURPHY
                                            Chief United States District Judge